## STEARNS *vs.* STEARNS.

1. A sworn answer, directly responsive to the charge on which the equity of the bill depends, and of a fact within the personal knowledge of the defendant, must prevail against the uncorroborated testimony of the complainant.

2. A recital in a deed of a consideration, and that it was paid, does not estop the grantor from showing that some other or additional consideration was agreed to be paid; but such recital, under seal, in a solemn instrument, cannot be overcome except by clear, strong evidence against it.

This cause came on for final hearing on bill, answer, and proofs.

*Mr. T. Runyon* and *Mr. Stone*, for complainant.

*Mr. R. S. Green* and *Mr. C. Parker*, for defendants.

THE CHANCELLOR.

The suit is to compel the defendants to pay and secure an annuity of $1500, yearly. The complainant alleges that the defendants agreed to pay and secure to her this annuity as the consideration of her joining with her husband, Eckley N. Stearns, since deceased, in conveying to them the one-half of the real estate of his deceased brother, Josiah O. Stearns, in Hudson county, in this state, and in the state of Pennsylvania, which descended to Eckley N. Stearns, and the defendant, Amos C. Stearns, as heirs-at-law of their brother Josiah. This agreement is alleged to have been made by the defend-

ants with Eckley N. Stearns before the execution and delivery of the conveyance.

The defendants answer under oath, as required by the bill, and in their answer fully deny the making of any such contract as charged in the bill. This answer is directly responsive to the charge on which the equity depends, and is of a fact within the personal knowledge of the defendants.

This responsive answer must be overcome by proof of more than one witness, or by the evidence of one witness, corroborated by other proof of like value. There is no direct proof whatever to overcome or contradict it; there is no witness who claims to have been present at the making of any such contract. The only proof is the evidence of Mr. E. G. Brown, who had a conversation with one of the defendants, in which he stated that such agreement had been made. But even this witness states that the conversation might have been about an annuity to be secured by complainant's husband by will. There is nothing whatever in the case to strengthen or support this evidence, and the rule of equity, as to the effect of the answer, must prevail.

In this case both deeds state the consideration, and that it was paid; and although this does not estop the grantors from showing that some other or additional consideration was agreed to be paid, such recital, under seal, in a solemn instrument, cannot be overcome except by clear, strong evidence against it. In this case the evidence is very conflicting, and the witnesses for the defendants are most in number, and without the rule as to the effect of the answer, it would be hardly sufficient to overcome the recital in the deed.

The bill must be dismissed, but without costs, as it was filed under circumstances to show not only that it was in good faith but warranted by circumstances, and that the complainant in the transaction has been, without compensation, deprived of real rights.